O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| LARRY L. HOBBS, | ) | Case No. CV 07-6578-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Larry L. Hobbs seeks judicial review of the Commissioner's denial of his application for Disability Insurance benefits ("SSDI") and Supplemental Security Income benefits ("SSI") under the Social Security Act. For the reasons stated below, this case is remanded for further proceedings consistent with this opinion.

**I.   Facts and Procedural History**

Plaintiff was born on May 31, 1963, (Administrative Record ("AR") 50), and he has an eleventh grade education (AR 107). Plaintiff's work history includes employment as an auto detailer, motel/hotel maid, short

order cook, kitchen helper, and industrial truck operator. (AR 27.) Plaintiff has not been gainfully employed since September 15, 2004, his alleged onset date of disability, when he was hospitalized for a myocardial infarction. (AR 102.) Plaintiff claims he suffers from diabetes, a broken left ankle, high blood pressure, a heart murmur, congestive heart failure, and poor circulation and swelling in his arms and legs. (*Id.*) Plaintiff also takes medication for depression, and he claims that he regularly hears voices commanding him to commit suicide. (AR 603-05.)

Plaintiff filed an application for SSDI and SSI benefits on October 12, 2004.[1] (Joint Stipulation ("Joint Stip.") 2.) The Commissioner denied Plaintiff's application on April 26, 2005, (AR 65), and again on February 24, 2006, upon reconsideration. (AR 57-58.) After Plaintiff's timely request, Administrative Law Judge ("ALJ") Zane A. Lang held a hearing on February 22, 2007, at which Plaintiff was represented by counsel. (Joint Stip. 2.) A vocational expert and a medical expert testified at the hearing.

The ALJ denied Plaintiff's application on March 13, 2007, concluding that Plaintiff was not disabled under the Social Security Act. (AR 15.) The ALJ applied the five-step sequential analysis mandated by the Social Security Regulations[2] in reaching his decision. The ALJ

---

[1]   It appears that Plaintiff previously filed an application for SSDI and SSI benefits on March 2, 2004, (AR 74), which the Commissioner denied on May 17, 2004, (AR 70). Plaintiff did not appeal that decision.

[2]   The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative, meaning that the ALJ need not consider further steps after finding that a step does not favor the claimant.

found that Plaintiff had not engaged in substantial gainful activity since September 15, 2004, and that he has the following severe impairments: "history of non Q wave myocardial infarction secondary to cocaine abuse, with cardiomyopathy, compensated; trace mitral and tricuspid regurgitation; history of polysubstance abuse; and depression." (AR 20.) The ALJ determined that Plaintiff's diabetes and hypertension were well controlled with medication and were not severe. (AR 21.) After concluding that Plaintiff's impairments did not meet or equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC")[3] to lift or carry twenty pounds occasionally and ten pounds frequently, to stand, walk, and sit for six hours out of an eight-hour day, and to occasionally climb, balance, crouch, crawl, stoop, and kneel. (AR 21.) In addition, the ALJ concluded that Plaintiff should avoid concentrated exposure to fumes, he should avoid heights and hazards altogether, and he is limited to performing simple tasks involving simple judgments and decisions, without daily production quotas. Finally, the ALJ determined that Plaintiff "is able to occasionally interact appropriately with the public, with supervisors, and with coworkers." (*Id.*) The ALJ determined that Plaintiff cannot return to his past relevant work, but that jobs exist in significant numbers in the national economy that Plaintiff is able to perform, such as newspaper carrier and coin machine collector. (AR 27.)

//

---

[3]  A claimant's RFC is what he or she is capable of doing despite physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).

On July 13, 2007, Plaintiff provided the Appeals Council with a mental health questionnaire completed on May 10, 2007, which Plaintiff contends established additional functional limitations not considered by the ALJ. The Appeals Council denied Plaintiff's request for review on August 22, 2007, stating that the questionnaire "was not accompanied by any supporting medical findings or test results and therefore, does not provide a basis for disturbing the Judge's decision." (AR 7.) Plaintiff then filed this action on October 19, 2007. (Complaint 1.) Plaintiff alleges that the ALJ erred as follows: (1) that the ALJ improperly rejected the state agency psychologist's opinion in reaching his disability determination; and (2) that the Commissioner improperly rejected the mental health questionnaire completed by Plaintiff's treating physician. (Joint Stip. 4.) Plaintiff asks this Court to order an award of benefits, or, in the alternative, to remand "for the correction of legal errors and factual deficiencies." (Joint Stip. 20.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or the ALJ's decision must be upheld if it is "supported by 'substantial evidence' and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must

4

review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Failed to Address the Non-Examining Psychologist's Opinion in Assigning Plaintiff's Residual Functional Capacity**

The state agency psychologist completed a Psychiatric Review Technique on February 17, 2006. (AR 397-410, 411-14.) The psychologist diagnosed depressive disorder, not otherwise specified, and found insufficient evidence of substance addiction disorders. (AR 397, 405.) The psychologist also completed a Mental Residual Functional Capacity Assessment, in which he opined that Plaintiff experienced moderate limitations in his activities of daily living, moderate difficulty in maintaining social functioning, moderate difficulty in maintaining concentration, persistence, or pace, and one or two episodes of decompensation. (AR 407.) The psychologist concluded that Plaintiff was "markedly limited" in three out of twenty different assessment categories, including the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (AR 411-12.) In the remainder of the categories, the psychologist found Plaintiff to be "not significantly limited." (*Id.*) Additionally, on the last page of the assessment, the psychologist included a few handwritten notes and a block stamp stating, "Can sustain simple repetitive tasks with adequate pace and persistence. Can adapt and relate to coworkers and

[supervisors.] **Cannot work with public**. (AR 413.) (Emphasis added).

In discussing Plaintiff's non-exertional functional limitations, the ALJ concluded that Plaintiff could occasionally interact with the general public. (AR 21.) Plaintiff claims that this decision contradicts the state agency psychologist's opinion that Plaintiff is "markedly limited" in his ability to interact appropriately with the general public, which Plaintiff characterizes as a complete inability to interact with the public. (Joint Stip. 7.) Defendant responds that the ALJ's decision actually incorporates the state agency psychologist's opinion, because "the physician found that Plaintiff was *markedly limited* only in his ability to ... appropriately interact with the general public" and "[t]he identified occupations do not require more than occasional public contact." (Joint Stip. 8-9 (emphasis in original).)

Whether a marked limitation in the ability to interact appropriately with the public translates into *no* ability to interact with the public is unclear, but need not be resolved in this opinion. More important here is the psychologist's statement that Plaintiff cannot work with the public at all, which the ALJ does not acknowledge in his opinion.[4] Instead, the ALJ states that his RFC determination comports with the state agency physicians' opinions: "The residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services also supported a finding of 'not disabled' (Exhibits 3F, 5F, 7F, 12F, 13F) and are consistent with the conclusions reached in this decision." (AR 27.) The ALJ did not cite or otherwise discuss Exhibit 14F, which is the psychologist's opinion

---

[4]  It should be noted however, that there is nothing in the record which would support the psychologist's conclusion that Plaintiff cannot work with the public.

indicating the Plaintiff is markedly limited in his ability to interact with the public. Although the ALJ could have concluded that even a marked limitation does not preclude all public contact, he did not expressly say so. Nor did the ALJ discuss or reject the psychologist's opinion that Plaintiff cannot work with the public at all.

It is the ALJ's responsibility to resolve conflicts and ambiguities in the medical record and determine credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989). The ALJ determines which medical opinions should be given the most weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If the opinion of a non-treating source is based upon independent clinical findings that differ from those of the treating medical source, the opinion of the non-treating source may itself constitute substantial evidence on which the ALJ may rely. *Andrews*, 53 F.3d at 1041. However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

It is unclear why the ALJ did not specifically discuss the state agency psychologist's opinion, either by rejecting it outright or by explaining how it fit within his RFC determination. The ALJ apparently did not view the psychologist's opinion as contradicting his RFC determination. However, the psychologist unequivocally stated that Plaintiff cannot work with the public, and this opinion is incompatible with the ALJ's conclusion that Plaintiff can occasionally do so. While the ALJ is not bound by the psychologist's opinion, he may not ignore

7

it. 20 C.F.R. § 404.1527(f); SSR 96-6p, 1996 WL 374180, at *1 (S.S.A. July 2, 1996). His failure to acknowledge the psychologist's opinion while reaching a contradictory RFC determination is error.

Because the ALJ failed to explain his reasoning for rejecting the psychologist's opinion in reaching Plaintiff's RFC, the case must be remanded. Accordingly, the Court need not address Plaintiff's second assignment of error.

**IV.  Conclusion**

For the reasons stated above, it is **ORDERED** that the case be remanded to the ALJ for proceedings consistent with this opinion. The Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is **DENIED**.

DATED: June 20, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

8